**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5871-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS T. JONES,

    Defendant-Appellant.

_____

Submitted October 8, 2019 - Decided November 21, 2019

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 14-04-0385.

Joseph E. Krakora, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula Cristina Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

Following the denial of his motion to suppress evidence seized in a warrantless car search, defendant Thomas T. Jones pleaded guilty to second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), and was sentenced to seven years in State prison with a three-and-one-half year period of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6(c).  We affirmed defendant's sentence on appeal but remanded for a Franks[1] hearing to address defendant's contention that the affidavit in support of the search warrant, which police applied for after defendant revoked his consent to search his trunk, omitted facts tending to show police did not have probable cause to search beyond the car's interior.  State v. Jones, No. A-3139-15 (App. Div. July 25, 2017) (slip op. at 6-7).

As we explained in our prior opinion, the affidavit supporting the warrant failed to note that the dog conducting a sniff of the car after the police officer smelled burnt marijuana, only alerted at defendant's partially opened driver's window.  Id. at 2-3.  Although walked around the entire car, the dog did not alert at the trunk.  Id. at 3.  Police were obviously interested in searching the trunk after a consent search of the car's interior revealed nothing more than marijuana shake on the floor and center console, and defendant

---

[1]  Franks v. Delaware, 438 U.S. 154 (1978).

would not permit them to search the trunk. Ibid. After obtaining the warrant, police found the handgun in the trunk. Id. at 4.

On remand, Judge Enright took testimony from the sheriff's officer who conducted the canine sniff, the police officer who made the stop and the detective who submitted the affidavit on the application for the search warrant, all called by defendant. The sheriff's officer testified that he and his dog, Reno, were dispatched to the stop where he met with the arresting officer and had the dog perform an exterior sniff of the car. He explained that Reno was a "passive-trained" dog who would sit when he detected an odor of narcotics. The officer explained the dog was trained to go where the odor was strongest, and, in this case, he went twice to the open window of the driver's door. The officer testified he let the arresting officer know there was a positive indication on the exterior of the car and departed.

The police officer testified he was monitoring defendant and his passenger and did not watch the canine sniff. He also testified he had never had any canine training and "wouldn't even know what an exact hit would look like." After concluding his walk around the car, the sheriff's officer simply told him there was a hit, indicating the presence of drugs. The two did not discuss where the dog had alerted. The officer stated he wrote his report of the

3

stop between 4:00 to 5:00 a.m., noting "a positive indication on the exterior of the vehicle," and left it for the detective who would apply for the search warrant.

The detective testified he used the report to prepare his affidavit in support of the application for the search warrant. He did not recall speaking with the officer who prepared it. He explained he stated in the affidavit that the dog hit on the exterior of the car because that was what was in the report, nothing more specific. The detective claimed no one told him the dog had hit twice on the open driver's window before he prepared the affidavit. He testified he did not intentionally omit the information, he simply was not aware of it.

In her cogent and comprehensive twenty-four page written opinion, Judge Enright described the testimony of all three officers as "candid, direct and unwavering," on both direct and cross-examination. Finding the officers "highly credible," the judge concluded she could not find the failure to have noted where the dog "hit on defendant's vehicle was a deliberate or reckless omission." The judge noted defendant did not dispute that the sheriff officer's report noting the exact location of the dog's alert was not prepared until three weeks after the detective submitted his affidavit for the warrant. The only

report available to the detective was the police officer's, which provided only the general statement that "the dog hit on the 'exterior of the vehicle.'"

Judge Enright acknowledged that although the affidavit did not contain any false statements, it did omit material information as to where the dog alerted to the odor of drugs. The judge found, however, "after listening to the credible testimony of all three officers" that defendant did not establish "the omission was intentional or made with reckless disregard for the truth." See Franks, 438 U.S. at 171. Instead, she found

> it appear[ed] each officer provided specific, albeit, limited, information he thought was appropriate either during the incident, or when preparing a report of the incident, applying for a search warrant or when [the sheriff's officer] prepared his final report. Moreover, given the undisputed facts surrounding the incident . . . a reading of the search warrant affidavit itself does not lead this court to conclude its content were tainted by a deliberate or reckless omission.

On appeal, defendant raises two issues, arguing:

POINT I

THE TRIAL COURT ERRED IN CONCLUDING THAT THE POLICE OFFICERS' WITHHOLDING OF CRITICAL MATERIAL INFORMATION FROM THE JUDGE HEARING THE WARRANT APPLICATION WAS NOT DELIBERATE OR RECKLESS.

POINT II

5

THE WARRANT JUDGE WOULD NOT HAVE APPROVED OF THE SEARCH WARRANT APPLICATION HAD SHE BEEN APPRISED OF THE MATERIAL INFORMATION THE POLICE IMPROPERLY OMITTED FROM THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT APPLICATION.

We reject his arguments as without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Defendant's arguments reduce to quarrels with the trial judge's factual findings. Those findings, however, which were obviously "substantially influenced by [her] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy," State v. Johnson, 42 N.J. 146, 161 (1964), have ample support in the record and are thus binding on appeal. See State v. Gamble, 218 N.J. 412, 424 (2014). Defendant has offered us no good reason to second-guess the judge's conclusion that he failed to establish "by a preponderance of the evidence that the affiant, deliberately or with reckless disregard for the truth, excluded material information from the affidavit which, had it been provided, would have caused the judge to refuse to issue the warrant." State v. Sheehan, 217 N.J. Super. 20, 26 (App. Div. 1987).

Accordingly, we affirm the denial of defendant's Franks motion, thus affirming his conviction, substantially for the reasons expressed in Judge

6

Enright's statement of reasons accompanying the order of June 18, 2018.  We have nothing to add to her thoughtful and thorough analysis.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION